JS 44 (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>The Board of Trustees of the Leland Stanford Junior University | DEFENDANTS<br>Praxair Distribution, Inc., et al. |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Santa Clara, California<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  State of Delaware<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Keith C. Bower, Esq.<br>Bower * Von Raesfeld<br>900 Lafayette Street, Suite 706, Santa Clara CA 95050, 408.261.1200 | Attorneys *(If Known)*<br>Sedgwick LLP<br>Eugene Brown, Jr.<br>333 Bush St., 30th Floor, San Francisco, CA 94104 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441 (b)

Brief description of cause:
Breach of Contract

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/18/2014
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
*(Place an "X" in One Box Only)*
☐ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE  ☐ EUREKA

**SEDGWICK LLP**
Eugene Brown, Jr. (Bar No. 79824)
eugene.brown@sedgwicklaw.com
Amee A. Mikacich (Bar No. 146814)
amee.mikacich@sedgwicklaw.com
Joel Crane (Bar No. 271699)
333 Bush Street, 30th Floor
San Francisco, CA  94104-2834
Telephone:    415.781.7900
Facsimile:    415.781.2635

Attorneys for Defendant
PRAXAIR DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("STANFORD"),<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR DISTRIBUTION, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTION 1441(b)**<br><br>[originally filed in the Santa Clara County Superior Court, Case No. 114CV259200.] |

PLEASE TAKE NOTICE that Defendant, Praxair Distribution, Inc. ("Praxair") hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332(a)(1); (c)(1); 1441(b)(2) and 1446.  Praxair will promptly file in said Superior Court its Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court.  A copy of the Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court, without its accompanying exhibits, is attached as Exhibit "A."  This case is being removed based upon diversity of citizenship.  The grounds for removal are as follows:

/ / /

/ / /

DOCS/18429996v1

1

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTION 1441(b)

## I. PROCEDURAL HISTORY

1. On January 16, 2014, an action was commenced in the Superior Court for the State of California for the County of Santa Clara, entitled *The Board of Trustees of the Leland Stanford Junior University v. Praxair Distribution, Inc.* asserting causes of action including (1) breach of contract and (2) negligence. A copy of the Complaint is attached hereto as Exhibit "B."

2. To date, Praxair has not been served with the Summons and Complaint, or any other pleading, in this lawsuit.

3. Other than the filing of the Complaint, no further proceedings have been conducted in this case in the Superior Court of the County of Santa Clara.

## II. BASIS FOR REMOVAL

4. The Court has original jurisdiction under 28 U.S.C. sec. 1332 over this action, which may be removed to this Court by Petitioner pursuant to the provisions of 28 U.S.C. sec. 1441(b) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described further below.

### A. AMOUNT IN CONTROVERSY

5. The amount in controversy exceeds $75,000, exclusive of interest and costs, because in presuit correspondence, Stanford's counsel stated that the alleged damages in this matter are in excess of $1 million. Further, in the Complaint attached as Exhibit "B," Stanford affirmatively states that it is seeking "all consequential tort and breach of contract damages…(which damages well exceed the 'unlimited jurisdiction' threshold of this court)."

### B. DIVERSITY OF CITIZENSHIP

6. At the time Stanford's Complaint was filed and at the present time, Plaintiff Stanford was and continues to be a citizen of the State of California.

7. At the time Stanford's Complaint was filed and at the present time, Defendant Praxair was not and is not a citizen of the State of California. Praxair was and continues to be a corporation organized pursuant to the laws of the State of Delaware, having its principal place of business in the State of Connecticut.

**C.   VENUE**

8.   Venue is proper in this district under 28 U.S.C. sec. 1441(a) because this District Court embraces the place where the action was pending.  Venue is also proper under 28 U.S.C. sec. 1391 because a substantial part of the acts and omissions allegedly occurred in this district, as set forth in Stanford's Complaint.

**III.   TIMELINESS OF REMOVAL**

9.   This Notice of Removal is filed prior to service of the Summons and Complaint upon Praxair, and is therefore timely.  In other words, since Praxair has not been served with the Summons and Complaint, the time for filing this Notice of Removal under 28 U.S.C. section 1446 has not expired, and in fact has not yet begun to run.

10.   Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Santa Clara as required by 28 U.S.C. sec. 1446(d).

WHEREFORE, Defendant Praxair hereby removes the above action now pending against it from the Superior Court of the State of California for the County of Santa Clara, to this Honorable Court.

DATED: February 18, 2014        Sedgwick LLP

By: _____
EUGENE BROWN, JR., ESQ.
Attorneys for Defendant
PRAXAIR DISTRIBUTION, INC.

# EXIBIT A

**SEDGWICK LLP**
Eugene Brown Jr. (State Bar No.79824)
eugene.brown@sedgwicklaw.com
Amee A. Mikacich (State Bar No.146814)
amee.mikacich@sedgwicklaw.com
Joel Crane, (State Bar No. 271699)
joel.crane@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, CA  94101-2834
Telephone:    415.781.7900
Facsimile:    415.781.2635

Attorneys for Defendant
PRAXAIR DISTRIBUTION, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("STANFORD"),<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR DISTRIBUTION, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. Type No.<br><br>NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT |

TO THE HONORABLE JUDGE OF THE SUPERIOR COURT:

PLEASE TAKE NOTICE that the Notice of Removal of Civil Action with regard to the removal of the above-entitled Defendant, PRAXAIR DISTRIBUTION, INC., from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332(a)(1); 11441(b)(2) and 1446 was duly filed in the United States District Court for the Northern District of California on the 18th day of February 2014.

///

////

///

1   Accordingly, PRAXAIR DISTRIBUTION, INC. has effected this removal in accordance
2   with U.S.C. § 1446(b).  This court is respectfully requested to proceed no further in this action,
3   unless and until such time as the action may be remanded by order of the United States District
4   Court.

6   DATED: February 18, 2014            Respectfully Submitted,

7                                       SEDGWICK LLP

9                                       By: /s/ Amee A. Mikacich
                                        Eugene Brown Jr., Esq.
10                                      Amee A. Mikacich, Esq.
                                        Joel Crane, Esq.
11                                      Attorneys for Defendant
                                        PRAXAIR DISTRIBUTION, INC.

# EXIBIT B

Keith C. Bower, Esq. (State Bar No. 135243)
Bower • von Raesfeld
(Not a Partnership)
900 Lafayette Street, Suite 706
Santa Clara, CA 95050
Telephone: 408/261-1200

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY
("STANFORD")

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA (UNLIMITED JURISDICTION)

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("STANFORD"),<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR DISTRIBUTION, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 114CV259200<br><br>COMPLAINT FOR DAMAGES [PROPERTY LOSS, DAMAGE TO PROPERTY, NEGLIGENCE/BREACH OF CONTRACT] |

COMES NOW Plaintiff Stanford and alleges as follows:

**GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

1. Stanford is informed and believes and thereon alleges that defendants PRAXAIR DISTRIBUTION, INC., (hereinafter "PRAXAIR") are, and at all times herein mentioned were, legal corporate residents of the County of Santa Clara, State of California, were and/or at all times mentioned and herein relevant conducting business within the County of Santa Clara, State of California, and were negligent or otherwise malfeasant in the County of Santa Clara, State of California with such negligence or malfeasance resulting in harm to Stanford within the County of Santa Clara, State of California.

2. Stanford is unaware of the true names and capacities, whether individual, corporate, associate or otherwise of defendants sued herein as DOES 1 through 100, inclusive,

1  and therefore sues these defendants by such fictitious names under the provisions of California
2  Code of Civil Procedure Section 474 and/or other applicable code sections in California.
3  Stanford will ask leave to amend this Complaint to allege said defendants' true names and
4  capacities when they have been ascertained. Stanford is informed and believes and thereon
5  alleges that each of the fictitiously-named defendants are negligently responsible in some
6  manner or otherwise legally responsible for the occurrences herein described and thereby
7  legally caused injuries and damages to Stanford as herein alleged.

8   3. Stanford is informed and believes and thereon alleges that at all times herein
9  mentioned, each of the defendants (including the fictitiously-named defendants) were the
10 agents, servants, employers and/or employees of each of the remaining defendants, and in
11 doing the things hereinafter alleged, were acting within the scope of such agency, service
12 and/or employment and with the permission and consent of said remaining defendants.
13 Stanford is also informed and believes and thereon alleges that at all times herein mentioned,
14 each and every of the defendants were acting within the course and scope of a joint venture
15 with each of the other defendants and, on that basis alone, each defendant owes a duty to hold
16 Stanford harmless in respect of the negligence or other legal theories underpinning all of the
17 defendants' liability to Stanford herein.

18  4. Stanford is informed and believes and thereon alleges that at all times herein
19 mentioned, PRAXAIR and the rest of the defendants were engaged in the systematic delivery
20 and maintenance of liquid nitrogen refrigerant to and for the benefit of Stanford's scientific
21 research and development projects (to include transgenic research efforts and the development
22 of unique genetic materials in their laboratories). At all times relevant, defendants were aware
23 of the sensitivity and high stakes at risk for Stanford should they (the defendants) fail to
24 properly perform defendants' services. Defendants at all times relevant were aware that their
25 failure to professionally and in a workmanlike manner provide the referenced services would
26 lead to the devastating loss of Stanford's property (including unique genetic materials as herein
27 described and as were actually destroyed by defendants). Stanford reasonably relied at all times
28 relevant that the said delivery and maintenance services on PRAXAIR's part would be properly

performed in a professional and workmanlike manner. These services and/or efforts were not properly performed, all to Stanford's losses herein claimed.

5. Stanford is informed and believes and thereon alleges that at all times herein mentioned, all of the defendants undertook the delivery and maintenance of the refrigerants above-referenced with the permission and knowledge of each of the remaining defendants. Stanford is informed and believes and thereon alleges that, at all relevant times, PRAXAIR and all of the defendants, and each of them, were provided with more than adequate instructions as to their tasks in terms of the delivery and maintenance of the refrigerants above-referenced. It should be noted that at all times relevant PRAXAIR and the other defendants have been reputed and held themselves out to be experts in the delivery and maintenance of the refrigerants above-referenced and are supposedly nationally renowned for this type of delivery and service.

6. At all times relevant herein, Stanford was the owner of certain unique genetic materials housed within a cryogenic freezer serviced and maintained by defendants, and each of them. As was well known to defendants, such unique genetic materials had substantial market value as of the time the losses were incurred as a consequence of defendants' negligence and/or breach of contract as hereinafter described. Said materials were under defendants' charge for cryogenic preservation and storage in that they required proper delivery and maintenance of refrigerants, all under defendants' control. Defendants were and are aware of the value of the risk of loss to Stanford in the event of a breach of duty on defendants' part.

7. At all times herein mentioned, at Stanford's campus located within the County of Santa Clara, State of California, PRAXAIR and each and every one of the defendants negligently, carelessly, recklessly and wrongfully misdelivered and mismanaged the refrigerant delivery and maintenance activities above-described, which acts, errors, and/or omissions legally led to the destruction of the market value of Stanford's unique genetic materials as above-referenced. These acts, errors and/or omissions, and the resulting property loss, occurred within the three years last past.

-3-
COMPLAINT FOR DAMAGES [PROPERTY LOSS, DAMAGE TO PROPERTY, NEGLIGENCE/BREACH OF CONTRACT]

8. As a direct and legal result of the negligence, carelessness and recklessness of defendants, and each of them, and the resulting property loss, Stanford has been injured by way of the destruction of the market value of its unique genetic materials and property, which property reasonably required defendants' compliance with their assumed duty to properly deliver and maintain the refrigerants above-described. Stanford is also informed and believes and thereon alleges that defendants' negligence, carelessness and recklessness will result in some permanent harm to its research and development activities and to Stanford's financial interests going forward (all as a consequence of the loss of the unique genetic property materials owing itself to the defendants' acts, errors and/or omissions).

9. As a further direct and legal result of the negligence, carelessness and recklessness of defendants, and each of them, and the resulting losses and damages as hereinbefore described, Stanford is entitled to pre-judgment interest at the legal rate according to proof and in an amount to be determined.

WHEREFORE, Stanford prays for judgment as hereinafter set forth on multiple causes of action.

### FIRST CAUSE OF ACTION

#### (Breach of Contract)

10. Stanford realleges all of and the entirety of Paragraphs 1 through 9 herein as fully set forth for purposes of this cause of action and purposes of background.

11. Stanford and each of the defendants were engaged in a contractual relationship in which defendants agreed to faithfully, professionally, reasonably and in a workmanlike manner fulfill their duties to deliver, supply and maintain the refrigerants above-referenced. Stanford fulfilled all of its requirements under the referenced contract; however, the defendants, and each of them, breached their duty to faithfully perform the referenced services in a professional, workmanlike and careful manner within the three years last past.

12. Defendants' breach of the contract above-described has resulted in property and other damages to Stanford.

13. The contract between Stanford and the defendants, and each of them, may

-4-

COMPLAINT FOR DAMAGES [PROPERTY LOSS, DAMAGE TO PROPERTY, NEGLIGENCE/BREACH OF CONTRACT]

potentially call for an award of attorneys fees and costs in the event of a breach or other act, error and/or omission. Therefore, Stanford prays for an award of attorneys fees, interest and costs as against all defendants herein mentioned.

14. Stanford does not attach a copy of its contractual arrangements with the defendants herein as the same are subject to privacy; however, copies of the said written contractual arrangements will be made the subject of proper discovery and, in any event, Stanford is informed and believes and thereon alleges that defendants have copies of the relevant contractual provisions.

15. Stanford is informed and believes and thereon alleges that the value of its claims in this matter well exceed the jurisdictional minimum of this court (thus the matter is filed in "unlimited" jurisdiction).

## SECOND CAUSE OF ACTION

### (Negligence Resulting In Property and Related Damages)

16. Stanford realleges all of and the entirety of Paragraphs 1 through 9 herein as fully set forth and for purposes of background.

17. Defendants, and each of them, were negligent in and about the services they undertook to perform competently and professionally for Stanford.

18. As a legal result of defendants' negligence, Stanford suffered the loss of its unique genetic materials as heretofore described and has suffered other, related, damages. Defendants, and each of them, failed utterly to professionally and in a workmanlike manner perform their undertaken services. The defendants' breach of duty has resulted in Stanford's harm complained about herein.

WHEREFORE, Plaintiff Stanford prays for judgment against defendants, and each of them, as follows:

## ON ALL CAUSES OF ACTION

1. For all consequential tort and breach of contract damages according to proof at the time of trial (which damages well exceed the "unlimited jurisdiction" threshold of this court);

2. For pre-judgment interest according to proof at the time of trial;

-5-

COMPLAINT FOR DAMAGES [PROPERTY LOSS, DAMAGE TO PROPERTY, NEGLIGENCE/BREACH OF CONTRACT]

3. For attorneys fees according to proof at the time of trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper under the circumstances.

BOWER · von RAESEFLD

Dated: January 16, 2014        by:_____
                               Keith C. Bower
                               Attorney for Plaintiff
                               THE BOARD OF TRUSTEES OF THE
                               LELAND STANFORD JUNIOR
                               UNIVERSITY

-6-
COMPLAINT FOR DAMAGES [PROPERTY LOSS, DAMAGE TO PROPERTY, NEGLIGENCE BREACH OF CONTRACT]

# PROOF OF SERVICE
**The Board of Trustees of the Leland Stanford Junior University ("Stanford") v. Praxair Distribution, Inc., and Does 1 though 100, inclusive – Praxair Distribution, Inc.**
**Northern District of California**

I, SHALIMAR ADAP-PARAFINA, the undersigned, hereby declare:

I am a resident of the United States, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is 333 Bush St. 30th Floor, San Francisco, California 94104

On the date listed below, I served the within:

- **CIVIL COVER SHEET**

- **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTION 1441 (b)**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| Keith C. Bower, Esq.<br>Bower von Raesfeld<br>(not a Partnership)<br>900 Lafayette Street, Suite 706<br>Santa Clara, CA 95050 | |

☒ VIA FACSIMILE: by transmitting via facsimile the document(s) listed above to the fax number(s) on this February 14, 2014 before 5:00 p.m.

**Via Facsimile: 408-985-9042**

☒ VIA MAIL: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below..

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 18, 2014, at San Francisco, California.

SHALIMAR ADAP-PARAFINA

SF/3788090v1

-1-